# In The United States Court of Federal Claims

No. 09-273T

(Filed: April 11, 2011)

_____

DESERET MANAGEMENT CORPORATION,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

On January 14, 2011, plaintiff filed a motion to compel answers to seventeen contention interrogatories it previously served on defendant, and to compel a RCFC 30(b)(6) deposition of defendant. On February 22, 2011, the court held oral argument for plaintiff's motion to compel discovery. Participating in oral argument were Eric C. Olson, on behalf of plaintiff, and Karen Marie Groen, on behalf of defendant. As discussed at the argument:

1. Plaintiff's motion to compel answers to its contention interrogatories is **GRANTED**, in part, and **DENIED**, in part:

    a. On or before April 25, 2011, plaintiff shall serve defendant with reformulated interrogatories Nos. 11, 12, 14, and 15. Plaintiff's original interrogatories were vague and ambiguous as to the time period, categories of assets, and depreciation method at issue. The reformulated interrogatories shall identify the time period and categories of assets with specificity.

    b. On or before May 11, 2011, defendant shall serve plaintiff with answers to interrogatories Nos. 1, 3, 5, 7, and 9, and reformulated interrogatories Nos. 11, 12, 14, and 15. As discussed at the argument, defendant's general objections to these contention interrogatories are invalid. Contrary to defendant's claims, contention interrogatories, by definition, seek to discover the

        opponent's opinions and conclusions regarding facts and theories to be used at trial; therefore, attorney-client privilege or the work-product doctrine are not valid objections to such interrogatories. Further, the mere fact that plaintiff possesses all documents that defendant intends to use at trial does not excuse defendant from answering contention interrogatories.

        c.    Pursuant to the discussions held during oral argument, plaintiff has withdrawn interrogatories Nos. 2, 4, 6, 8, 10, 13, 16, and 18. These contention interrogatories requested production of specific documents and communications that are potentially protected under the attorney-client privilege or the work product doctrine.

2.    Plaintiff's motion to compel a RCFC 30(b)(6) deposition of defendant is hereby **DENIED**.

**IT IS SO ORDERED.**

                                        s/ Francis M. Allegra
                                        Francis M. Allegra
                                        Judge