# In the United States Court of Federal Claims

No. 09-273T

(Filed: April 11, 2011)

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | * <br> * Expert reports; RCFC 26 – mandatory <br> * disclosure of expert testimony; RCFC <br> * 26(a)(2)(C)(ii) – rebuttal reports; Report <br> * filed by defendant that contradicted the <br> * methodology employed by plaintiff's expert <br> * is rebuttal report; RCFC 26(e)(1)(A) – <br> * supplemental report; RCFC 37(c)(1) – <br> * sanctions; Delay harmless; Report not <br> * excluded; Lesser sanction imposed. <br> * <br> * |

**ORDER**

*Eric C. Olson,* Kirton & McConkie, LLP, Salt Lake City, UT, for plaintiff.

*Karen M. Groen*, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *John A. DiCicco*, for defendant.

**ALLEGRA, Judge:**

On September 2, 2010, this court entered an order requiring the parties, as to specified counts in the complaint, to designate and serve reports for lead expert witnesses by October 27, 2010, and to designate and serve reports for all rebuttal expert witnesses by December 28, 2010. The order indicated that no further enlargements of these deadlines would be granted. On December 16, 2010, defendant filed a motion seeking leave to designate an additional lead expert in this case – Ms. Robin Flynn – and to file her expert report out of time. On December 28, 2010, defendant then designated Ms. Flynn as a rebuttal witness and served what it characterized as a rebuttal report on plaintiff. On January 10, 2011, defendant served on plaintiff a supplemental report prepared by Ms. Flynn. On January 13, 2011, plaintiff deposed Ms. Flynn. On February 22, 2011, the court held oral argument on defendant's earlier motion.

As noted, defendant initially moved for leave to designate Ms. Flynn as one of its lead experts. But, after plaintiff opposed that motion, defendant shifted position and indicated, via the reply brief to its motion, that it was requesting only leave to treat Ms. Flynn's January 10, 2011, expert report (the January report) as a supplemental rebuttal report. Defendant contends that the January report rebuts plaintiff's expert report, authored by Mr. James Bond. The latter report employs a residual method to value KZLA-FM's FCC license and attributes zero value to KZLM-FM's goodwill. Ms. Flynn's December 28, 2010, expert report (the December report) disputes Mr. Bond's use of the residual method, as well as the reasonableness of the value he set for the radio station's goodwill. Her January report actually sets a value for the FCC license.

RCFC 26 governs the mandatory disclosure of expert testimony. RCFC 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence." For witnesses "retained or specially employed to provide expert testimony in the case," the party must also submit a written expert report that contains, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." RCFC 26(a)(2)(B). These disclosures must be made "at the times and in the sequence that the court orders." RCFC 26(a)(2)(C). For purposes of these rules, rebuttal expert reports are those that contain evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." RCFC 26(a)(2)(C)(ii).

Plaintiff contends that the January report is not a supplemental rebuttal report under RCFC 26 and this court's orders because it employs a "new, alternative theory" – the discounted cash flow method – to calculate the value of the FCC license and goodwill. It asserts that the report thus was untimely under the court's September 2, 2010, scheduling order and should be excluded, with the effect of limiting any testimony that Ms. Flynn may provide in the future. In the court's view, however, plaintiff construes RCFC 26 (and this court's order thereunder) too narrowly.

While a rebuttal expert report must address the same subject matter as the report it contradicts, limiting its analysis only to those methods proposed by the first expert "would impose an additional restriction on parties that is not included in the Rules." *T.C. Sys. Inc. v. Town of Colonie, N.Y.*, 213 F. Supp. 2d 171, 179-80 (N.D. N.Y. 2002). Rather, "an expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert." *Genetically Modified Rice Litig.*, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010); *see also In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (allowing a rebuttal expert report containing new goodwill analysis even though the lead expert did not conduct the same analysis because the analysis contradicted the lead expert's opinion on the same subject matter); *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) ("Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party."). Rebuttal reports can use, as well, additional data not found in the expert report, so long as it relates to the same subject matter. *See Kirola v. City & County of S.F.*, 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010).

Both Ms. Flynn's December and January reports address the same subject as Mr. Bond's report – the value attributable to KZLA-FM's FCC license and goodwill. That Ms. Flynn applies the discounted cash flow method, rather than the residual method, to contradict Mr. Bond's valuation of these assets does not preclude the January report from being considered rebuttal.[1] *See Murfam Farms, LLC v. United States*, 2008 WL 4725468, *5 (Fed. Cl. Sept. 19, 2008) (applying new, alternate analysis to calculate same fee discussed in expert report proper rebuttal). Although Ms. Flynn's January report is not entitled as such, the analysis therein unmistakably serves to rebut plaintiff's expert. *See Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010); *Genetically Modified Rice Litig.*, 2010 WL 4483993, *3. Therefore, the court finds that Ms. Flynn's January report is proper "rebuttal" of Mr. Bond's report.

It is much less clear whether the January report should be viewed as a "supplement." Ordinarily, supplements are reserved for situations in which a prior disclosure is found to be "incomplete or incorrect." RCFC 26(e)(1)(A). The purpose of such supplements is to "inform the opposing party of any changes or alterations," *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (9th Cir. 1999), not "to provide an extension of the . . . report production deadline," *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). *See also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). It is highly debatable whether Ms. Flynn's January report serves the purposes of a true supplement – it does not indicate that her initial report contained inaccuracies or that she had discovered new information. *See Gallagher*, 568 F. Supp. 2d at 631 (noting that courts have "rejected attempts to . . . 'supplement[]' an expert report with a 'new and improved' expert report"); *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003) ("[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to . . . ."). Rather, it offers a new theory in support of her earlier report and, for the first time, quantifies the value of the radio station's FCC license and goodwill.

That said, the court need not resolve whether the January report is truly a supplement, as it finds that the delay in providing this supplemental rebuttal report does not warrant the report's exclusion. Under RCFC 37(c)(1), a failure to comply with RCFC 26(a) or (e), or an order issued thereunder, including provisions specifying the timely service of rebuttal reports, requires exclusion of a late-filed report unless "the failure was substantially justified or is harmless." *See Tenbarge*, 190 F.3d at 865 (discussing this requirement in the Federal Rules of Civil Procedure). Courts generally employ a multi-factor test in deciding whether exclusion under Rule 37 is appropriate, focusing on: (i) the importance of the expert testimony to be possibly excluded; (ii)

---

[1] Contrary to plaintiff's claims, the discounted cash flow method was not a new theory suddenly sprung on it by defendant's rebuttal witness. In his expert report, Mr. Bond acknowledged that the discounted cash flow method may be used in valuing assets, but opined that the residual method was more appropriately employed here.

the offering party's explanation for failure to disclose; (iii) the potential prejudice created by permitting the use of the expert testimony at trial; and (iv) the ability to cure any prejudice by granting a continuance. *See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994); *see also Scott Timber, Inc. v. United States*, 93 Fed. Cl. 221, 226-27 (2010) (applying similar factors). In this case, rebuttal expert reports were to be served on or before December 28, 2010; Ms. Flynn's supplemental expert report was served on January 10, 2011. To its credit, plaintiff admits that this thirteen-day delay, which overlapped the New Year's holiday, was in itself harmless. And any limited harm caused by the delay is lessened still by the court's willingness to allow plaintiff to conduct a second deposition of Ms. Flynn during the time remaining for discovery in this case.[2] Accordingly, the court finds that the January report represents a disclosure that need not be excluded, thereby paving the way for Ms. Flynn to testify at trial regarding the subject matter therein.[3]

Nevertheless, RCFC 37(c)(1)(A) provides that in lieu of excluding an expert report not timely filed, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." RCFC 37(b)(2) further provides for sanctions based on a party's failure to obey a discovery order. As was discussed at oral argument, the court believes that a lesser sanction is appropriate here. In particular, it should not be overlooked that defendant significantly changed its position on its motion in terms of the relief requested. This caused plaintiff essentially to waste its time and resources in responding to defendant's original motion. In the court's view, plaintiff should not be required to bear those costs, particularly as plaintiff is incurring the cost of deposing Ms. Flynn a second time. *See Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 171 (2006) (imposing similar briefing costs where a party did not timely supplement its discovery); *see also Centex Corp. v. United States*, 71 Fed. Cl. 40, 56 (2006), *aff'd*, 486 F.3d 1369 (Fed. Cir. 2007).[4]

Accordingly:

1.      Defendant's motion to designate Ms. Flynn's January 10, 2011, expert report as a supplemental rebuttal report is hereby **GRANTED**;

---

[2] By separate order this day, the court is addressing various other discovery disputes in this case, the effect of which is to establish a further period for the completion of discovery in this case. Ms. Flynn's further deposition will not add to that delay.

[3] Plaintiff would have been harmed by allowing defendant to substitute Ms. Flynn for its original lead expert because plaintiff would have wasted its time in deposing the prior lead expert. Defendant, however, has indicated that it will proceed with both experts.

[4] As the court made clear at the oral argument, it would have denied defendant's original motion and, on that basis, would have imposed costs on defendant under RCFC 37(c)(1). In the court's view, defendant cannot escape the imposition of those costs by revising the relief requested after the plaintiff filed its opposition.

2.     Under RCFC 37(c)(1)(A) and 37(b)(2), plaintiff is awarded any expenses associated with the preparation of its response to defendant's initial motion to designate Ms. Flynn as its lead expert. On or before April 29, 2011, plaintiff shall file an expense log and supporting documentation;

3.     On or before May 13, 2011, plaintiff shall depose Ms. Flynn regarding her supplemental rebuttal report, if necessary; and

4.     On or before May 27, 2011, the parties shall file a joint status report, indicating how this case should proceed with, if appropriate, a proposed schedule for filing of dispositive motions, or alternatively, for proceeding to trial.

**IT IS SO ORDERED**.

                                                s/ Francis M. Allegra
                                                Francis M. Allegra
                                                Judge