# In The United States Court of Federal Claims

No.  09-273T

(Filed:  July 22, 2011)

_____

DESERET MANAGEMENT CORPORATION,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____


       On September 2, 2010, this court entered a scheduling order requiring, *inter alia*, the parties to designate and serve reports for lead experts on or before October 26, 2010 and for rebuttal expert witnesses on or before December 28, 2010.  As this order constituted a second extension of the deadlines in question, it indicated that no further enlargements of these deadlines would be granted.  On December 16, 2010, defendant filed a motion seeking leave to designate an additional lead expert in this case – Ms. Robin Flynn – and to file her expert report out of time.  On December 28, 2010, defendant then designated Ms. Flynn as a rebuttal witness and served a second expert report on plaintiff.  On January 3, 2011, plaintiff opposed defendant's motion to designate a new lead expert out of time.  On January 10, 2011, defendant served on plaintiff a supplemental report prepared by Ms. Flynn.  On January 16, 2011, defendant filed its reply to its motion, asking the court to characterize Ms. Flynn's second report as a supplement to her timely-served rebuttal report.  On January 18, 2011, upon leave from the court, plaintiff filed a sur-reply, objecting to the admission of Ms. Flynn's report as either a lead or supplemental rebuttal expert report.

       On February 22, 2011, the court held oral argument.  On April 11, 2011, the court granted defendant's motion to designate Ms. Flynn's January 10, 2011, report as a supplemental rebuttal report, finding that the harm resulting from the delayed service of the rebuttal report did not warrant its exclusion.  *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272 (2011).  However, the court found that a lesser sanction was appropriate and held that defendant should pay the "reasonable expenses, including attorney's fees, caused by its failure" to timely supplement the information as to its experts.  *See* RCFC 37(c)(1)(A); *see also* 8B Charles Alan

Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §2289.1 (2010).[1] In the court's view, the imposition of this sanction was – and is – warranted to cover the costs incurred by plaintiff in responding to defendant's initial motion seeking to change its lead expert. As the court has previously stated, had defendant not effectively withdrawn its original motion, the court would have denied that motion and imposed costs on defendant under RCFC 37(c)(1). The court concluded that defendant could not "escape the imposition of those costs by revising the relief requested after the plaintiff filed its opposition." *Deseret Mgmt.*, 97 Fed. Cl. at 275 n.4; *see Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 171 (2006) (imposing similar briefing costs for a delayed expert report); *see also Catskill Assocs., L.L.C. v. Benzanom*, 2009 WL 3756593 at *4 (N.D.N.Y. Nov. 6, 2009) (imposing sanctions where failure to comply with court order required filing of motion to compel); *AZ Holding, L.L.C. v. Frederick*, 2009 WL 2432745 at *6 (D. Ariz. Aug. 10, 2009) (same). The April 11 order required plaintiff to file, on or before April 29, 2011, an expense log supporting its claim for attorney's fees.

On April 29, 2011, plaintiff filed an expense log, requesting $27,182.00 for 74.3 hours allegedly spent preparing its initial response. The expense log includes entries for discussion and electronic messages regarding defendant's motion, research and drafting of plaintiff's response, and preparation of plaintiff's affidavits and notices of intent to file its response and sur-reply. On May 25, 2011, pursuant to court order, defendant responded to the expense log. Defendant disputed the amount as excessive and requested that the court reduce the amount to reflect a reasonable number of hours for the task performed.

As explained in this court's April 11, 2011, order, plaintiff is entitled only to those expenses resulting from the research and drafting of its January 3, 2011, response – expenses that, but for defendant's untimely attempt to change its lead expert, plaintiff would not have incurred. Basic principles of fairness warrant neither a greater nor lesser recovery under the circumstances.

A close examination of plaintiff's log reveals some duplicative entries, as well as time that reasonably can be attributed to issues that remained relevant after defendant changed its initial request for relief.[2] The court must reduce the potential recovery by these amounts. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993) (court may reduce award if bill includes duplicative entries); *Peregrine Communications, Inc. v. Securenet, L.L.C.*, 2009 WL 1084829, at *2 (D. Colo. Apr. 21, 2009) (excluding all expense log

---

[1] The court notes that defendant provided no substantial justification for its initial attempt to designate a new lead expert. The record suggests, in this regard, that defendant simply may have been dissatisfied with the deposition of its original lead expert.

[2] Not all of plaintiff's hours expended prior to its sur-reply were wasted effort. For example, plaintiff dedicated four pages of its response to explaining the pertinent procedural and factual background, which was equally relevant to its sur-reply. And, plaintiff's sur-reply addresses arguments in defendant's initial motion, therefore the 5.3 hours plaintiff spent reviewing and discussing defendant's motion were not futile.

entries not sufficiently related to sanctioned action); *Creative Res.  Group of New J., Inc. v. Creative Res. Group, Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (court may reduce award by amount of expenses that would have been incurred in normal discovery).  Even so reduced, the amount requested by plaintiff does not appear reasonable given the brevity and relative simplicity of the response it filed to defendant's initial motion.  Indeed, nearly half of plaintiff's twenty-one page response involves a recitation of the procedural history of the case.  *See Browning v. Peyton*, 123 F.R.D. 75, 78 (S.D.N.Y. 1988) (calibrating the amount of an award to "the nature of the matter committed to the attorney, its novelty, the difficulties encountered and the difficulty of the task assumed").  Based upon on these observations, the court determines that the amount requested by plaintiff is excessive and that plaintiff instead should recover $3,186.00 in costs for research[3] and $7,165.50 in costs for drafting[4] of its initial response.

Accordingly, the court hereby awards plaintiff $10,351.50 for reasonable and necessary attorney's fees, said amount to be paid no later than August 26, 2011.  On or before that date, defendant shall file a notice confirming that it has complied with this court's order.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[3]   This amount accounts for 13.2 hours of research by A. Kaas, 0.6 hours of research by E. Olson, one hour of research by J. Mather, and 1.7 hours of research by S. McGinley, at their respective billing rates.

[4]   This amount accounts for ten hours of drafting by E. Olson, 2.6 hours of drafting by M. Hines, and 6.15 hours of drafting by J. Mather, at their respective billing rates.