# In The United States Court of Federal Claims

No.  09-273T

(Filed:  August 10, 2011)
_____

DESERET MANAGEMENT CORPORATION,

                        Plaintiff,

      v.

THE UNITED STATES,

                        Defendant.

_____

**PROTECTIVE ORDER**
_____

       The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be confidential or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information.  Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1.    <u>Protected Information Defined</u>.  "Protected information" as used in this order means the compilation of media transaction data and/or analysis thereof provided to subscribers by SNL Kagan and/or Kagan Media Appraisals (Kagan) in its "database of comparable sales for years 1996 to 2000," which may be contained in:

    a.     Any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

    b.     Any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2.    <u>Designating Information as Protected.</u>  A party may designate information as protected when it in good faith believes the information is "protected information" as defined in paragraph one.  A designation of information as protected may be made at any time.  Any

party may serve a written objection to any designation made by the designating party. This objection shall specifically identify the material or information to which the objecting party wishes to have the designation removed.  Within fourteen (14) days of receipt of such objection, the designating party shall notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and if it will not agree to remove the designation, the designating party will state with specificity its reasons for not agreeing.  If an agreement cannot be reached, the designating party may move for a ruling from the court designating the material as protected or for other similar protection within fourteen (14) days of the expiration of the fourteen (14) day period referenced above.  The material at issue will be treated as protected until the court decides the motion.  If the parties disagree about whether the information is protected and the designating party does not timely move the court, then the document is deemed to be not protected.

3.      Restrictions on the Use of Protected Information.  Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein.

4.      Removing the Designation of Protected Information through Agreed Redactions.  If information in a document designated as "protected information" can be redacted in a manner such that the unredacted information does not compromise the proprietary nature of Kagan's database, and the parties mutually agree in writing on all such redactions that may be necessary for this purpose, then the parties may remove the designation of "protected information" from the document so redacted.

II.

5.      Individuals Permitted Access to Protected Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any protected information to any other person or entity, except that disclosure of protected information may be made in the following circumstances:

a.      Disclosure may be made:

(1)     To employees or support personnel of counsel for the parties;

(2)     To employees of the parties who have functional responsibility or supervisory authority for the preparation and trial of this law suit; and

(3)     To support personnel for those individuals identified in (2).

Any such employee or support personnel to whom counsel for the parties makes a disclosure must be advised of the provisions of this Protective Order requiring that the documents and information be held in confidence;

b.    Disclosure may be made to consultants, investigators, or experts, and their employees who are assisting them in their assignments related to this litigation (collectively, experts) who are employed by the parties or counsel for the parties to assist in the preparation and trial of this law suit. All experts who will have access to the protected information must agree, in writing, to be subject to the provisions of this Protective Order. After the close of expert discovery, such written agreements shall be provided to the other party upon request, unless the expert is not disclosed as a testifying expert. In the case of a non-testifying expert, the written agreement shall be provided after trial or other resolution of this case;

c.    Disclosure may be made to the court and its employees;

d.    Disclosure may be made to court reporters engaged for depositions or trial and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Such individuals shall be informed of this protective order, that it applies to them, and given a copy of the order, if requested; and

e.    Disclosure may be made to any fact witness or potential fact witness when a good faith determination is made that the documents would be relevant to their testimony or potential testimony. Such witnesses shall be informed of this protective order, that it applies to them, and given a copy of the order, if requested.

III.

6.    <u>Identifying Protected Information</u>. Protected information may be provided only to the court and to individuals admitted under this protective order and must be identified as follows:

a.    If provided in electronic form, the subject line of the electronic transmission shall read "**CONTAINS PROTECTED INFORMATION.**" In addition, any physically produced electronic storage device (e.g., a CD or DVD) containing protected information must be immediately affixed with the same marking and protected information that is stored or saved onto any computer system must be clearly identified as such by including the words "Protected Information" in the name of the folder where it is stored, or as otherwise agreed by the parties.

b.    If provided in paper form, the document must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously marked on the outside. The first page of each document containing protected information, including courtesy copies for use by the

judge, must contain a banner stating **"Protected Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order"** and the portions of any document containing protected information must be clearly identified.

7.  Filing Protected Information.  Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the **"SEALED"** documents menu.  If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 6(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

8.  Protecting Documents Not Previously Sealed.  If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

9.  Redacting Protected Documents For the Public Record.

   a.  Initial Redactions.  After filing a document containing protected information in accordance with paragraph 7, or after later sealing a document pursuant to paragraph 8, a party must promptly serve on the other parties a proposed redacted version marked **"Proposed Redacted Version"** in the upper right-hand corner of the first page with the claimed protected information deleted.

   b.  Additional Redactions.  If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version. The filing party must then provide the other parties with a second redacted version of the document clearly marked **"Agreed-Upon Redacted Version"** in the upper right-hand corner of the page with the additional information deleted.

   c.  Final Version.  At the expiration of the two-day period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document clearly marked **"Redacted Version"** in the upper right-hand corner of the first page. This document will be available to the public.

d.     Objecting to Redactions.  Any party at any time may object to another party's designation of certain information as protected.  If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution.  Until the court resolves the matter, the disputed information must be treated as protected.

V.

10.     Copying Protected Information.  All copies of documents containing protected information must be clearly labeled in the manner required by paragraph 6.

11.     Waiving Protection of Information.  A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

12.     Safeguarding Protected Information.  Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

13.     Breach of the Protective Order.  If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order.  The parties must reasonably cooperate in determining the reasons for any such breach.

14.     Seeking Relief From the Protective Order.  Nothing contained in this protective order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

VI.

15.     Maintaining Filed Documents Under Seal.  The court will maintain properly marked protected documents under seal throughout this litigation.

16.     Retaining Protected Information After the Termination of Litigation.  Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court pursuant to RCFC 77.3(d). Copies of such materials may be returned by the court to the filing parties for disposition in accordance with paragraph 17 of this Protective Order.

17.     Disposing of Protected Information.  Within thirty (30) days after the conclusion of this

action (including any appeals and remands), each party must destroy all protected information and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received.  Each party may retain one copy of such documents provided those documents are properly marked and secured.

**IT IS SO ORDERED.**


s/ Francis M. Allegra
Francis M. Allegra
Judge