# In The United States Court of Federal Claims

No. 09-273T

(Filed: January 27, 2012)

_____

DESERET MANAGEMENT CORPORATION,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

On September 6, 2011, plaintiff filed a motion *in limine* seeking to exclude Robin Flynn's August 29, 2011, supplement to her January 10, 2011, supplemental rebuttal expert report. On October 7, 2011, defendant filed its response to the motion. On October 25, 2011, plaintiff filed its reply in support of its motion. Trial in this case is scheduled to begin on February 23, 2012.

The August 29, 2011, supplement includes a new chart, entitled "Debt as a % of Total Capitalization, Q3 2000," which calculates the debt ratio of certain radio companies as of the time indicated. The chart is apparently designed to provide support for a debt ratio figure that appears elsewhere in the report. The supplement contains no other substantive changes.

In its motion *in limine*, plaintiff asserts that the new material in the August 29 report should not be viewed as part of a supplemental report under RCFC 26(e)(1)(A). Plaintiff seeks to exclude this material under RCFC 37(c)(1) based upon defendant failure to comply with RCFC 26.

Based upon the legal analysis this court has employed in deciding similar issues in this and other cases, *see Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272 (2011); *Jicarilla Apache Nation v. United States*, 2011 WL 5402932 (Fed. Cl. Nov. 7, 2011), this court finds that the modification in question constitutes a proper supplement under RCFC 26. The new report

does not provide a new theory for the case, but instead is designed to provide full disclosure of the basis for the existing theory.  Even if this were not the case – and the court understands plaintiff's concerns that the supplement has the effect of addressing deficiencies in the prior report – the court finds that the modification to the report need not be excluded under RCFC 37.  In the court's view, whatever prejudice may be experienced by plaintiff as the result of allowing this report to be modified may be negated by affording plaintiff the opportunity to depose Ms. Flynn on the matter added to her report.  On or before February 14, 2012, plaintiff may depose Ms. Flynn regarding this new material, if it so desires.  Defendant shall ensure the availability of its witness.

    **IT IS SO ORDERED.**

                              s/ Francis M. Allegra
                              Francis M. Allegra
                              Judge