# In The United States Court of Federal Claims

No. 09-273T

(Filed: January 30, 2012)

_____

DESERET MANAGEMENT CORPORATION,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

On January 27, 2012, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. Eric Olson, for plaintiff, and Ms. Karen Groen, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

1. On January 6, 2012, defendant filed its objections to three of plaintiff's witnesses: Chris Ackerman, Mary Beth Garber, and Geoff Price. At the pre-trial conference, the court permitted Chris Ackerman and Geoff Price to testify and overruled defendant's objections. The court continues to consider defendant's objection to Mary Beth Garber.

2. On or before January 31, 2012, plaintiff shall file with the court copies of any communications and responses to discovery requests made to defendant regarding Mary Beth Garber.

3. On or before January 31, 2012, defendant shall file the deposition of Ms. Garber.

4. Today, the court granted defendant's motion for authorization of service of subpoenas more than one hundred miles away from the place of trial. During the pre-trial conference, the parties indicated a willingness to reach an agreement for the three witnesses upon whom defendant sought to

      serve subpoenas. The parties are encouraged to reach an agreement to preclude these witnesses from traveling unnecessarily. As discussed in the conference, the court would be amenable to a stipulation of fact, a short excerpt from a deposition, or videoconference testimony.

5. On or before February 16, 2012, the parties shall file a joint stipulation of undisputed facts. The court expects that stipulation to be as extensive as possible. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to refile a revised stipulation that comports with the court's expectations.

6. Trial in this case will commence at 2:00 p.m. (EST) on Thursday, February 23, 2012, at the United States Court of Federal Claims, 717 Madison Place, Washington, DC 20005. The courtroom location will be posted in the lobby on the day of trial. Each subsequent day of trial will begin at 9:30 a.m. (EST), unless otherwise ordered.

7. Pursuant to 28 U.S.C. § 2503(b), all proceedings will be in accordance with the Rules of the Court of Federal Claims and the Federal Rules of Evidence. Parties should expect to object to and defend proffered evidence with reference to specific rules.

8. Regarding exhibits:

    a. At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At that time, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time.

    b. On or before February 16, 2012, the parties shall supply two pre-marked copies of the hard copy exhibits they intend to offer in this case, and four CD-ROM sets containing pre-marked copies of electronic exhibits. All documents on the CD-ROM sets shall be bates-stamped or otherwise electronically marked to allow for ready identification of individual pages. The hard copies shall be in binders, with tabbed dividers between each individual exhibit—the spines of the binders shall indicate the exhibits contained therein in large-faced type. The parties shall ensure that, prior to trial, the court has the software needed to view the exhibits on the CD-ROMs and shall, if

        necessary, provide a licensed copy of such software to the court for its use during the pendency of this case.

    c.    The parties shall avoid submitting to the court duplicate copies of exhibits and shall endeavor to assure that their exhibits are consecutively numbered, with no numbers omitted.

9.    Regarding witnesses:

    a.    The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

    b.    Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

    c.    Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

    d.    Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

10.    The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

11.    The court will require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

12.    Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                            s/ Francis M. Allegra
                                            Francis M. Allegra
                                            Judge